[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 14, 1979 at Seymour, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Joseph Niezelski born April 10, 1982 and Francis Niezelski born November 15, 1983.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in Sec. 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow.
The parties have been married for approximately 14 years. The plaintiff is aged 36 years and in good health. She has an associate's degree in Science and Nursing. She is attending Southern Connecticut College part time to obtain a degree in Psychology. She is presently employed full time at the VA Medical Center earning approximately $41,500 gross per year. The plaintiff has been gainfully employed throughout the major portion of the marriage.
The defendant is 39 years of age and in good health. He is presently employed as a machine operator at Sikorsky Aircraft. The defendant completed an aircraft A P course in 1992. He has been gainfully employed throughout the marriage, even working a second job to supplement the family income. The defendant is presently earning approximately $34,577 gross per year from his main employment.
No useful purpose would be served by a review of all the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The Court declines to assess fault to either party for the breakdown of their relationship.
The main asset of this marriage is the marital home located at 177 Skokorat Road, Seymour, Connecticut. The home is situated on 1.01 acres. The defendant is attempting to subdivide this property to obtain another building lot. Although the defendant has started to take the necessary and appropriate measures — Zoning Board and Planning and Zoning, etc. — as of April 14, 1994, the subdivision CT Page 4160 plan had not been approved. The defendant is hopeful for its success.
On November 22, 1993 the parties agreed by means of a written stipulation which was approved and ordered by the court, that both parties would cooperate in refinancing the property and each party was to pay one-half of the cost of all fees. The parties are still in the process of completing this refinancing.
The defendant had a personal injury case that was resolved in 1992. The defendant received a net of approximately $45,000. Approximately $19,950 remains of that settlement. The defendant also received an inheritance of $10,000 in 1992 which was used by the family for family purchases.
The Court has carefully considered all the statutory criteria in entering the following orders:
I CUSTODY AND VISITATION
1. The parties have agreed on joint custody of the minor children with physical custody to the plaintiff-wife, and it is so ordered.
2. The parties have agreed on visitation as set forth in a written stipulation dated April 7, 1994 as follows:
1) On Father's Day and father's birthday, the father has the children.
2) On Mother's Day and mother's birthday, the mother has the children.
3) For the year 1994, mother has the children on Thanksgiving, Christmas Day beginning at 11:00 a.m., Memorial Day, 4th of July.
4) For the year 1994, father has children on Easter, Christmas Eve from 4:00 p.m. until Christmas Day at 11:00, a.m., and Labor Day.
5) With regard to numbers 3 and 4 above, parties alternate holidays yearly.
6) Christmas vacation is shared 50/50. CT Page 4161
7) Summer Vacation. Children are with the father during the father's two week vacation (last week of July and first week of August). Father will confirm two weeks prior thereto.
8) Father to notify mother 48 hours prior to visitation on weekly visitation schedule.
9) Father has the children Wednesday and/or Friday for Scouts, from 6:45 p.m. until after the meeting.
10) Father has the children every other weekend from 5:00 p.m. on Friday through 8:00 p.m. Sunday.
11) On off weekends, father takes the children 1:00 p.m. through 8:00 p.m. on Sunday.
12) Both parties shall have the ability to visit with the children on their birthdays.
II CHILD SUPPORT
1. The defendant shall pay to the plaintiff as child support the sum of $185.00 per week in accordance with the child support guidelines. Said support shall be paid until each child shall reach the age of 18 years, becomes emancipated or dies.
2. An immediate withholding is ordered payable directly to the plaintiff.
3. Said order of child support is effective commencing April 15, 1994.
III PROPERTY DIVISION
A. Real Estate
The parties have agreed that the marital home on 1.01 acres of land has a fair market value of $136,000. The marital home on approximately one-half acre of land, and referred to as Lot A, has a fair market value of $127,000. The present mortgage is in the amount of approximately $50,000.
Both parties have referred to the real estate in terms of Lot A and Lot B. Lot A has the marital home therein and Lot B is undeveloped. The defendant was attempting to subdivide this one CT Page 4162 acre parcel at the time of trial and the subdivision had not been fully approved as of this date of the date of the last on hearing April 14, 1994. The defendant agreed on April 14, 1994 at the final trial day that if a public hearing was required to obtain subdivision approval, the defendant would withdraw his application for subdivision approval at this time.
Lot A
1. The parties shall complete the real estate refinancing as ordered by the court in November, 1993. The defendant shall cooperate with the plaintiff in this regard.
2. The defendant shall pay one half of all the costs of refinancing including the septic cost of $160, and excluding the tax escrow which shall be the plaintiff's sole responsibility.
3. The defendant shall be solely responsible for the second bank appraisal of $85.
4. Upon completion and conclusion of the bank refinancing, the defendant shall quitclaim to the plaintiff all his right, title and interest in and to the premises known as Lot A with the improvements thereon which includes the marital home. The plaintiff shall be solely responsible for the mortgage and shall hold the defendant harmless thereon.
5. The plaintiff shall thereupon execute a mortgage deed and note without interest to the defendant in the amount of $25,000. Said note shall be due and payable upon the sale of the marital home, or when the youngest child reaches the age of 18 years, whichever event shall first occur. The defendants mortgage shall be subordinate to any future refinancing by the plaintiff.
6. The plaintiff shall be responsible for the real estate taxes as attributable to Lot A.
7. The court shall retain jurisdiction over any disputes concerning the mortgage deed and note.
Lot B
If the subdivision of this property is approved, both parties should equally share in the profit to be realized from the sale of a building lot. If Lot B is not a building lot, its value would be CT Page 4163 considerably less. No figures were given to the court with respect to the value of the unimproved parcel called Lot B.
The Court had before it a map prepared by Michael H. Horbal, registered Land Surveyor, dated February 10, 1994 entitled "Map of Proposed Parcels prepared for Joseph E. Niezelski #177 Skokorat Street, Seymour, Conn.", on which Lots A and B are set forth (Defendant's Exhibit B).
1) Both parties shall continue to own Lot B, the unimproved lot, and title shall remain in the name of the plaintiff and the defendant.
2) The plaintiff and the defendant shall be equally responsible for the real estate taxes attributable to this lot, Lot B.
3) This parcel called Lot B shall be sold when the youngest child reaches the age of eighteen years or sooner if the parties both agree.
4) After the payment of usual closing costs, real estate commission and attorney's fees, the net proceeds of said sale shall be equally divided between the plaintiff and the defendant.
5) The plaintiff shall have the right of first refusal to buy said parcel, to be exercised within 15 days of notice to the plaintiff of a bona fide offer to purchase.
6) The court shall retain jurisdiction over any disputes arising out of the sale of the property.
B Personal Property
1. The defendant shall be entitled to the personal property in his possession and as listed on his two financial affidavits of April 5, 1994 and April 6, 1994, except as set forth below.
2. The defendant is also entitled to the following:
 Clock made by defendant's father; Painting made by defendant's father; Victrola; Grandmother's sewing machine; 2 book cases on back porch; CT Page 4164 3 radio controlled airplanes; Work tools in basement including the tiller; Personal clothing; One mixer presently located at the marital home; Bee keeping equipment; Boat and boat trailer
3. The plaintiff shall be entitled to the items of personal property in her possession. In addition, the plaintiff is entitled to the following:
(a) the farm tractor and lawn tractor
 (b) household furniture and furnishings if not otherwise disposed of herein.
4. The defendant shall return the Kitchen Aid mixer, in good working condition, to the plaintiff within four weeks of date.
5. The defendant shall return the American Tourister luggage and the carry on case to the plaintiff within four weeks of date. In the event the defendant does not have the luggage or fails to return the luggage to the plaintiff, then he shall pay the plaintiff the sum of $300 within four weeks of date.
6. The defendant shall be entitled to retain the Minolta camera.
7. The defendant shall remove the uninsured motor vehicles and equipment from the marital home within 60 days of date.
8. Parties shall equally divide the family photographs and videos and shall equally share the cost of any reproductions.
9. The U.S. Savings Bonds are awarded to the plaintiff.
10. The 1986 Ford motor vehicle shall be the sole property of the plaintiff.
 C. Other Property Property Award
The defendant shall pay to the plaintiff by way of a lump sum property award the sum of $9,500 from the defendants' Sikorsky FCU account. Said sum shall be paid to the plaintiff within 30 days of CT Page 4165 date.
IV DEBTS
1. The defendant shall pay the following expenses that have been incurred for the minor children;
 Dr. Landino: $230.00 Music Lessons: 145.50 Scouts: 66.83 Swim Lessons: 25.00 Trumpet Little League: 204.90 ------ TOTAL: $672.23
Said sum shall be paid in full within four weeks of date.
2. The defendant shall be responsible for one half of the balance due Colonial National Bank in the amount of $775. Said sum shall be paid by the defendant within four weeks of date.
3. The defendant shall be responsible for the liabilities as shown on his financial affidavit.
4. The plaintiff shall be responsible for the liabilities as set forth on her affidavit except as set forth above.
V PENSIONS
1. The defendant shall be solely entitled to his pensions free of any claim by the plaintiff.
2. The plaintiff shall be solely entitled to her pensions free of any claim by the defendant.
VI INCOME TAX EXEMPTION
1. The defendant shall be entitled to claim the minor child Joseph Michael Niezelski as an exemption for federal and state income tax purposes commencing with the tax year 1994, provided he is current in the support payments as of December 31 of each year.
2. The plaintiff shall be entitled to claim the minor child Francis Patrick Niezelski as an exemption for federal and state income taxes commencing with the tax year of 1994. CT Page 4166
3. These provisions shall be modifiable.
VII MEDICAL COVERAGE.
The defendant shall provide medical insurance for the benefit of the minor children, as is available through his place of employment. All unreimbursed and uninsured medical, dental, orthodontal, psychiatric and psychological counseling and hospital expenses shall be equally divided between the parties.
VIII LIFE INSURANCE.
1. The defendant shall maintain his John Hancock Life Insurance policy in the amount of $25,000 (twenty-five thousand dollars) naming the minor children as beneficiaries therein so long as the defendant has an obligation for support of the minor children.
2. The defendant shall also name the minor children as beneficiaries on the life insurance as is available through his employment. At the present time the defendant has life insurance of $38,000 (thirty-eight thousand dollars) through his employment. Said policy shall be maintained for so long as the defendant has an obligation for support of the minor children.
3. These provisions shall be modifiable.
IX ALIMONY
The plaintiff disclaimed an award of alimony thus none is awarded.
X CHANGE OF NAME
The plaintiff is granted a change of name to her maiden name of Conroy.
Coppeto, J.